UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-mc-20289-KMM/LOUIS

*In re* Ex Parte Application of:

**EDUARDO MARCELO ALMEIDA MICHELENA; ROBER FRANK ALMEIDA MICHELENA; VICKY ROCÍO ALMEIDA MICHELENA; DANIELA LIZZETH ALMEIDA ARAUZ; AND DIANA RAFAELA ALMEIDA MICHELENA**,

  Applicants,

For an Order Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery from Akerman, LLP for Use in Foreign Proceedings.

_____/

# ORDER

**THIS CAUSE** is before this Court on Respondent Akerman, LLP's ("Akerman") Motion to Vacate Order Granting Application for Relief under 28 U.S.C. § 1782 and to Quash Subpoena (ECF No. 16). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, Chief United States District Judge for the Southern District of Florida (ECF No. 17). Applicants filed a Response (ECF No. 24), Akerman filed a Reply (ECF No. 25) and a hearing was held on the matter on June 3, 2021.

## I. BACKGROUND

Applicants'[1] filed an Application for Order Pursuant to 28 U.S.C. § 1782 (the "Application"), filed on January 22, 2021 (ECF No. 1). This Application sought an order authorizing the issuance of subpoenas to Akerman for the production of documents and a deposition related to Akerman's representation of Washington Eduardo Almeida Flores (the "Deceased"). The subpoena seeks information about the Deceased's assets and financial accounts, specifically with respect to investments made through Raymond James & Associates, Inc. ("RJFS"). The information is being sought for use in an ongoing inheritance proceeding in Ecuador (the "Ecuadorian Inheritance Proceeding"). I granted the *ex parte* Application, finding that the statutory requirements set forth at 28 U.S.C. § 1782(a) had been met and that the additional factors to be considered in determining whether to grant the request weighed in favor of granting the request (ECF No. 10).

Akerman's instant Motion contends that Order should be vacated because (1) Applicants failed pursue this discovery from in the Ecuadorian Inherence Proceeding; and (2) the Application is overly intrusive because it seeks discovery from the U.S. attorneys for the respondent to that proceeding, which Movant contends necessarily intrudes on matters of privilege.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 1782, a district court is authorized to order the production of evidence for use in a foreign tribunal. A district court may grant an application for judicial assistance if the following statutory requirements are met:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the

---

[1] Except as otherwise indicated, as used herein, "Applicants" refers to all of the following individuals: Eduardo Marcelo Almeida Michelena; Rober Frank Almeida Michelena; Vicky Rocío Almeida Michelena; Daniela Lizzeth Almeida Arauz; and Diana Rafaela Almeida Michelena.

2

>evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. § 1782(a)).

Even when the statutory requirements of § 1782 have been satisfied, however, the Court is not required to grant the discovery application. The Court may exercise its discretion after considering the following factors:

>(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

*In re Clerici*, 481 F.3d at 1334 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

Akerman does not challenge the Court's finding that all statutory requirements under Section 1782 were met. Rather, Akerman's Motion to Vacate only contests the *Intel* factors as grounds for vacating the Order. The Court will address each factor in turn.

### A. Whether the person from whom discovery is sought is a participant in the foreign proceeding.

The first *Intel* factor addresses whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant[.]" *Intel Corp.*, 542 U.S. at 264. Here, the Application seeks discovery from Akerman, which is not a participant in the foreign proceeding. However, Akerman avers that the same discovery will be sought from Ms. Martha Rodriguez, the Deceased's widow, who is a participant in the Ecuadorian Inheritance

Proceeding. Counsel for Akerman relies on a statement in the Ecuadoran pleadings that places at issue the RFJS account that is the subject of the discovery directed at Akerman. Thus, Akerman avers, the Applicants are really seeking discovery from its client, Ms. Rodriguez.

This argument is not supported by the evidence of record. First, the statement on which Akerman relies does not, as the Motion represents, "explicitly state that discovery from Ms. Rodriguez would be requested," (ECF No. 16 at 1), in the Ecuadorian proceeding and Akerman's reliance on the translated pleading is misplaced. Moreover, the Application and supporting affidavit represent that Akerman also represented the *Deceased*, and it is information about his assets in Akerman's possession Applicants seek by way of this proceeding. The subpoena seeks documents that are specific to Akerman and its representation of the Deceased, including requests for a copy of the file for an arbitration in which Akerman was counsel and the Deceased a party; documents relating to the mental state of the Deceased prior to his death; and documents Akerman exchanged with or received from the Deceased (ECF No. 1-4).

Akerman relies on *In re Rendon*, No. 1:20-MC-21152-KMM, 2021 WL 422508, at *6 (S.D. Fla. Feb. 8, 2021), for the proposition that applicants must demonstrate that the discovery sought cannot be obtained from a party in the proceeding. Notably, the decision to deny the application in *In re Rendon* turned first and foremost on the finding that the ICC arbitration was not a proceeding in a foreign tribunal and the application failed to meet the statutory requirements under 28 U.S.C. § 1782(a). 2021 WL 422508, at *4. *In re Rendon* is inapplicable here even further, as noted above, on the finding that Applicants have demonstrated their application is directed to an entity other than a participant in the foreign proceeding.

As such, this factor supports the granting of the Application.

4

### B. The receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance.

Under the second *Intel* factor, courts consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264. In considering the receptivity of a foreign government, courts "look to both sides to offer support regarding their respective positions on the receptivity issue." *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1223 (11th Cir. 2019) (citation omitted).

Akerman avers that "the record is devoid of any indication that the court presiding over the Ecuadorian Inheritance Proceeding would be receptive to the requested discovery" (ECF No. 16 at 2) but does not proffer any basis for this Court to find that the Ecuadorian court would *not* be receptive. Akerman does not advance any explanation, or cite to any policies or law, that would allow the Court to find that the Ecuadorian court would not be receptive to such discovery. In contrast, Applicants filed a declaration from an Ecuadorian lawyer, which disposes of this notion, confirming that the there is no probation under Ecuadorian law in obtaining the information solicited by way of the Application, and the information requested therein is relevant to the Ecuadorian Inheritance Proceeding (ECF No. 24-1). Applicants similarly supported their Application with an affidavit advancing this proposition (ECF No. 1-2).

The Court finds this factor weighs in favor of granting the Application.

### C. Whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.

Under the third *Intel* factor, the Court considers "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. Akerman asserts that Applicant's failure to

pursue discovery from Ms. Rodriguez, and instead seek discovery form Akerman, "*appears* to be an effort to preemptively circumvent proof-gathering limits or other policies of Ecuador" (ECF No. 16 at 3) (emphasis added). This appears to be mere conjecture, as Akerman identifies no such policies of Ecuador limiting discovery Applicants are purportedly avoiding by seeking discovery herein.

Nor is Applicants' failure to exhaust all options for obtaining the sought-after discovery before filing its Application ground for denial. "[E]ven if the discovery is available" to Applicants in Ecuador, "this does not mean that [Applicants are] not entitled to seek discovery using the procedures set forth in Section 1782." *Gyptec, S.A. v. Hakim-Daccach*, No. 16-20810-CIV, 2017 WL 6557425, at *7 (S.D. Fla. Sept. 27, 2017), *aff'd sub nom. In re Gyptec S.A. for an Ord. to Take Discovery Under 28 U.S.C. § 1782*, No. 16-CV-20810, 2017 WL 6559792 (S.D. Fla. Oct. 19, 2017). "The decision of how to seek discovery lies with the party seeking the discovery," and requiring Applicants to seek the discovery in Ecuador "would result in including an exhaustion requirement in [S]ection 1782 that is not present." *Id.* (rejecting the argument that the motion granting the application should be vacated because plaintiff could seek discovery in Colombia, and denying the motion to vacate); *see also In re Inmobiliaria Tova, S.A.*, No. 20-24981-MC, 2021 WL 925517, at *10 (S.D. Fla. Mar. 10, 2021) (finding the third *Intel* factor to be neutral where applicants failed to take discovery in the foreign proceeding before filing their Section 1782 application because "applicants are not required to exhaust discovery in the foreign tribunal before seeking Section 1782 assistance").

This factor weighs in favor of granting the Application.

**D. Whether the request is otherwise unduly intrusive or burdensome.**

Lastly, the Court must consider the fourth *Intel* factor – whether the request is "unduly

6

intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Akerman argues that the Application seeks discovery from the U.S. attorneys for Applicants' opponent in the Ecuador Inheritance Proceeding, "which by definition is highly intrusive" (ECF No. 16 at 3).

Akerman claims that Section 1782 is not designed to interfere with the attorney-client relationship of a foreign litigant and their U.S. counsel, and the Application does just that. In support, Akerman relies on *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 241 (2d Cir. 2018), which found "an order compelling American counsel to deliver documents *that would not be discoverable abroad*" to be an abuse of discretion. *Id*. (emphasis added). There, the documents sought under Section 1782 were privileged and subject to a confidentiality order. *Id*. at 243. No such claim of confidentiality is made here. To the contrary, Applicants assert that they are entitled to the information being sought as heirs to the Deceased (ECF No. 24 at ¶ 6)–an assertion that Akerman fails to dispute in its Reply. In the Application, it is further explained that a majority the documents and information being sought "relates to RJFS account statements and other financial records that do not constitute attorney-client communications" (ECF No. 1 at 6). Akerman likewise fails to address or dispute this proffer.

To the extent Akerman intended here to assert privilege as a basis to resist compliance with the subpoena, its generalized and unsubstantiated claim of privilege has not carried its burden. *See Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1287 (S.D. Fla. 2012) ("[T]he party seeking the privilege has the burden of establishing all of its essential elements," a burden which is not "discharged by mere conclusory or *ipse dixit* assertions . . . ." Rather, "[t]he party claiming the privilege must provide the court with underlying facts demonstrating the existence of the privilege."). Furthermore, as noted by Applicants in their Response, Akerman has neither claimed that the subpoena is burdensome, nor objected to any specific line item of the

subpoena (ECF No. 24 at ¶¶ 13-14). As such, the Court finds this factor to weigh in favor of granting the Application.

Having considered the *Intel* factors and finding that they weigh in favor of granting the Application, Akerman's Motion to Vacate Order Granting Application for Relief under 28 U.S.C. § 1782 and to Quash Subpoena (ECF No. 16) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Miami, Florida, this 14th day of June, 2021.

_____
HON. LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE